# Mullin v. Kline

C.P. of Montgomery County, no. 03-13840.

*Theodore J. Caldwell, Jr.,* for plaintiff.

*Paul P. Gaffney, John P. Shea, Dominique N. Ryan* and *James C. Stroud,* for defendant.

ALBRIGHT, *J.,* November 17, 2010—The plaintiff, Colleen Mullin, appeals from this court's order, dated May 25, 2010,[1] granting the defendant, Matthew T. Kline, M.D.'s motion for summary judgment and entering judgment in favor of the moving defendant, and against the plaintiff, Colleen Mullin. For the reasons that follow, the undersigned believes that the order, dated May 25, 2010, should be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 2000, Ms. Mullin underwent a quasi-surgical procedure know as intradiscal electrothermy (IDET)[2] for an L5-S1 intervertebral disc disruption. Matthew T. Kline, M.D. performed the IDET procedure, which allegedly resulted in injuries to Ms. Mullin. Consequently, the plaintiff commenced this medical malpractice action against the defendants on January 2, 2002 in the Philadelphia Court of Common Pleas (No. 04102). On March 11, 2002, Ms. Mullin filed her complaint, asserting negligence and lack of informed consent claims against Dr. Kline. By order, dated April 4, 2003, the trial court in Philadelphia transferred the action to the Montgomery County Court of Common Pleas.

---

1. The undersigned's order, dated May 25, 2010, was docketed May 27, 2010.

2. The IDET procedure involved the insertion of a catheter into spinal disc space and the heating of the catheter.

On March 20, 2009, the defendant, Matthew T. Kline, M.D., filed a motion for summary judgment,[3] asserting that no genuine issues of material fact remained and that he was entitled to judgment as a matter of law based on the plaintiff's failure to establish a prima facie case of lack of informed consent.[4] After argument and, upon consideration of the motion, the parties' memoranda of law and their post-argument letter submissions, the undersigned, by order, dated May 25, 2010, granted the moving defendant, Dr. Kline's motion for summary judgment and entered judgment in favor of Dr. Kline and against the plaintiff. The order provided the following:

> The matter before the court concerns the defendant, Matthew T. Kline, M.D.'s second Motion for Summary Judgment, filed on March 20, 2009, which raises, in particular, one issue not specifically identified, addressed or presented for the court's consideration of the defendant's first request for the entry of summary judgment which resulted in the entry of the order of July 27, 2007. That order effectively dismissed all claims of negligence asserted against Dr. Kline and left open the possibility that the plaintiff might still prevail against the defendant based upon the physician's alleged failure to secure the plaintiff's informed consent prior to the surgical procedures which Ms. Mullin subsequently experienced.

---

3. Dr. Kline had previously moved for summary judgment on December 7, 2006, which precipitated the undersigned's dismissal, by order dated July 27, 2007, of the plaintiff's negligence claim against Dr. Kline.

4. By order, dated October 10, 2006, the undersigned directed that all expert discovery be closed on December 1, 2006.

Though the issue now raised by the defendant Kline is not a particularly new or novel one, it does, nevertheless, go to the heart of the plaintiff's informed consent claim and her intended reliance upon the defendant physician's testimony needed to provide her with the expertise required to establish and identify the risks of the procedure involved, as well as the *likelihood* of those risks occurring. The undersigned has been unable to find any reliable support for the plaintiff's position, since both the MCare Act, 40 Pa. Cons. Stat. § 1303.101 et seq., and current case law support the opposite view which is now espoused by the defendant and upon which his current motion is based. Without the expert testimony which the plaintiff is required to produce and needs to provide, independent of any other evidentiary support gathered from any source, including the defendant physician, Ms. Mullin's negligence and informed consent claims cannot and should not be permitted to go forward against Dr. Kline at trial.

[Tr. Ct. Order, 5/25/10] (emphasis added).

Dissatisfied with the undersigned's dismissal of her lack of informed consent claim, the plaintiff, on June 25, 2010, filed a notice of appeal of the trial court's order to the Superior Court of Pennsylvania. Thereafter, on July 27, 2010, Ms. Mullin timely filed and served upon the undersigned her statement of matters complained of on appeal (Pa. R.A.P. "1925(b) Statement"), which states:

1. Plaintiff contends this court erred in granting the Motion for Summary Judgment of defendant, Matthew T. Kline, M.D. and, specifically, contends the court erred in its determination that plaintiff could not

present sufficient evidence at trial to require her informed consent claims to be decided by a jury. Specifically, plaintiff contends the court erred in accepting moving defendant's argument that plaintiff had not produced sufficient evidence to establish a prima facie case of lack of informed consent. Plaintiff contends the court failed to consider the admissions from defendant's own deposition testimony which would have been presented at trial concerning the nature and extent of the risks of the procedure performed on Ms. Mullin. The court further ignored Ms. Mullin's testimony that she was only ever informed of one of those risks (infection). Contrary to moving defendant's argument and this court's ruling, defendant's testimony concerning the nature and extent of the risks of the procedure taken in combination with plaintiff's testimony that those risks were not disclosed to her is sufficient to establish a prima facie case of lack of informed consent.

2. Plaintiff contends this court erred in accepting moving defendant's argument that plaintiff had produced insufficient pre-trial expert testimony to establish a prima facie case of lack of informed consent. Specifically, plaintiff contends this court's implicit determination that plaintiff would be unable to elicit evidence at trial from moving defendant, an acknowledged expert, sufficient to meet her burden of proof was in error. The case cited by and relied upon by defendant, *Fitzpatrick v. Natter*, 599 Pa. 465, 961 A.2d 1229 (2008), implicitly establishes that evidence sufficient to meet a plaintiff's burden of proof in an

informed consent claim can be elicited from the defendant-physician at trial. In granting summary judgment and denying plaintiff the opportunity to meet her burden of proof at trial in light of the clear testimony from plaintiff establishing that acknowledged risks were not disclosed to her was in error.

3. Plaintiff contends this court erred in reversing its previous denial of summary judgment on the informed consent claim. In response to defendant's initial motion for summary judgment, this court ruled that plaintiff had presented sufficient evidence to meet her burden of proof on her lack of informed consent claim and to require that her claim be submitted to the jury. The court's reversal of that ruling in the face of a second Motion for Summary Judgment with no new facts and no change in applicable Pennsylvania law was in error.

## DISCUSSION

Pennsylvania law provides that summary judgment is appropriate when the plaintiff, "who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa. R.C.P. 1035.2. In considering the merits of a motion for summary judgment, the trial court must view the record in the light most favorable to the non-moving party where the moving party has the burden of proving that no genuine issue of material fact exists. *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). Once on appeal, the Superior Court will reverse the trial court's entry of judgment only if the latter has either committed an error

of law or abused its discretion. *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1221 (Pa. 2002).

"To prove lack of informed consent...expert testimony is required...to establish the nature of the risks of the procedure, *and their likelihood.*" *McSorley v. Deger,* 905 A.2d 524,532 (Pa. Super. 2006) (citing *Moure v. Raeuchle*, 604 A.2d 1003, 1008 (Pa. 1992)) (emphasis added). "In order for consent to be considered informed, it must be shown that 'the physician disclosed all those facts, risks and alternatives that a reasonable man in the situation which the physician knew or should have known to be the plaintiff's, would deem significant in making a decision to undergo the recommended treatment... The physician is bound to disclose only those risks which a reasonable man would consider material to his decision whether or not to undergo treatment.'" *Nogowski v. Alemo-Hammad,* M.D., 691 A.2d 950, 957 (Pa. Super. 1997).

In this case, the plaintiff asserts that she could have obtained the requisite expert testimony needed to support her lack of informed consent claim against Dr. Kline by relying solely upon his deposition testimony. (Appendix A-Dr. Kline's Deposition). While the plaintiff may have been able to carry her burden of establishing or identifying, through expert testimony, the known risks involved in the IDET procedure by relying solely upon Dr. Kline's deposition testimony, there is noticeably absent from the record any evidence of that which is required to establish the *probability* of any of those risks occurring. (See Kline's Dep. at Ex. C. of Def.'s Mot., filed /20/09). Nevertheless, Ms. Mullin "disagrees that such expert testimony is an absolutely required element of informed consent. Plaintiff submits that the sheer magnitude of the

potential injury posed by a particular risk can bye [sic] sufficient to allow a jury to determine 'materiality.'" Pl's Mem. in Supp. of Ans. to Def.'s Summ. J. Mot., filed 4/14/09, at 2). Contrary to that which the plaintiff asserts, the controlling precedent in Pennsylvania establishes that a jury is only properly equipped to determine the materiality of the risks posed to a particular plaintiff-patient when that jury is supplied with expert testimony on both the "nature of the harm attendant to the procedure, *and the probability* of that harm occurring." *Nogowski v. Alemo-Hammad*, 691 A.2d 950, 957 (quoting *Moure*, 604 A.2d at 1008).

Furthermore, with regard to the plaintiff's third and final contention, the trial court does not subscribe to the theory advanced by Ms. Mullin that the "law of the case" doctrine precludes its consideration of the defendant Kline's second motion for summary judgment. In support of dismissal of Ms. Mullin's informed consent claim, the moving defendant's initial motion for summary judgment merely stated, in a conclusory manner that, "plaintiff has likewise failed to produce expert evidence to demonstrate that Dr. Kline failed to obtain plaintiff's informed consent." (Def.'s Summ. J. Mot., filed 12/7/06, at 3). At that time, the plaintiff specifically denied Dr. Kline's assertions and stated that the "medical evidence and admissions by defendant [were] sufficient to establish Dr. Kline's...failure to obtain plaintiff's informed consent." (Pl.'s Ans. to def.'s Summ. J. Mot., filed 1/8/07, at ¶4, 6).

Moreover, in his first motion for summary judgment, the moving defendant did not specifically address the

plaintiff's failure to produce evidence of the "likelihood" of certain risks occurring, nor did the plaintiff volunteer any information that she had, in fact, secured or produced the requisite expert testimony regarding "likelihood." It was not until the moving defendant, through his second motion for summary judgment, provided the trial court with the relevant case law and argument, missing from his first summary judgment request, that the issue of the plaintiff's critical omission of the expert evidence of the likelihood of the occurrence of the risks involved in her procedure, was properly identified and presented for the trial court's consideration.

What, in fact, led the parties to this very critical juncture, resulting in the dismissal of the plaintiff's lawsuit, was the plaintiff's apparent inability to both abide by the previously agreed upon discovery deadlines established by court order,[5] and produce the evidence needed to move her lawsuit forward by setting forth a prima facie case as to her lack of informed consent claim and the evidence integral to proof of the same. Consequently, with those deadlines having long since expired and the element of the "likelihood" of the occurrence of the identified surgical risks still unproven, Ms. Mullin's lack of informed consent claim and any cause of action seeking recovery on that basis could not survive the appropriate and crucial analysis warranted in this case.

Contrary to the plaintiff's assertion, the court in *McSorely*, as previously discussed, held that, in the

---

5. The undersigned's order, dated October 10, 2006, was docketed October 18, 2006.

156

context of informed consent claims, expert testimony is required to establish not only the particular risks inherent in a procedure but also their *likelihood. McSorley,* 905 A.2d at 532. What is noticeably absent in this case is any expert evidence of the likelihood of the risks of the IDET procedure occurring, as a result of which and pursuant to Pa. R.C.P. 1035.2, summary judgment is appropriate since the plaintiff "has failed to produce evidence of facts essential to the cause of action...which in a jury trial would require the issues to be submitted to a jury."

## CONCLUSION

Based upon the foregoing, the trial court respectfully submits that the order, dated May 25, 2010, granting Matthew T. Kline, M.D.'s motion for summary judgment and entering judgment in favor of the moving defendant and against the plaintiff, Colleen Mullin, should be affirmed.